IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| MICHAEL JONES, # 259166,<br>A/K/A MICHAEL L. JONES, | ) | Civil Action No. 3:04-1833-TLW-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU THURMAN, OF EDUCATION | ) | |
| DEPARTMENT AT EVANS CORRECTIONAL | ) | |
| INSTITUTION, IN OFFICIAL AND | ) | |
| INDIVIDUAL CAPACITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action on June 16, 2004.[1] His allegations concern incidents that occurred

while he was an inmate at the Evans Correctional Institution ("ECI") of the South Carolina

Department of Corrections ("SCDC"). Defendant, Kimberly Thurman, is employed in ECI's

education department. On October 21, 2004, Defendant filed a motion for summary judgment.

Plaintiff, because he is proceeding pro se, was advised on October 25, 2004, pursuant to Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion for

summary judgment with additional evidence or counter-affidavits could result in the dismissal of

his complaint. Plaintiff filed a memorandum in opposition to summary judgment on December

1, 2004.

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule
73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is
entered for review by the court.

<u>DISCUSSION</u>

Plaintiff, a black male, alleges that he was discriminated against because he was terminated from his prison job and denied the opportunity to attend certain educational classes. He also claims he has been psychologically damaged by Defendant's actions.

Defendant argues that she is entitled to summary judgment because: (1) Plaintiff fails to show that his dismissal as a tutor violated his constitutional rights; (2) Plaintiff has not alleged any physical injury resulting from Defendant's alleged actions; (3) Defendant is entitled to Eleventh Amendment immunity; (4) Defendant is entitled to qualified immunity; and (5) any state claims should be dismissed.

    1.    <u>Prison Job and Education Claims</u>

Plaintiff alleges that he was terminated from his prison job as a tutor without proper justification. He claims that Defendant was prejudiced against him based on his race. Plaintiff also appears to allege that he was improperly denied educational opportunities. Defendant states that Plaintiff's position as a tutor was merely a privilege for which he received no compensation and thus was not actually a "job." She denies that Defendant was terminated for any racial reasons, but asserts his privilege was terminated because of his sporadic attendance. Additionally, Defendant states that Plaintiff was habitually late and exhibited a threatening and abusive attitude towards other inmates and staff which factored into his termination. Defendant denies that she mistreated Plaintiff in a racially discriminatory manner. Thurman Aff.

To the extent that Plaintiff is attempting to assert a due process claim concerning his prison job or educational opportunities, his claims fail. "In order to prevail on either a procedural or substantive due process claim, [i]nmates must first demonstrate that they were deprived of life,

2

liberty, or property by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997) (internal quotation omitted). There is no constitutional entitlement to work assignments or education during incarceration. See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.1978)(work assignments are within the discretion of prison officials); Rhodes v. Chapman, 452 U.S. 337, 348 (1991). "The classifications and work assignments of prisoners in such institutions are matters of prison administration, within the discretion of prison administrators, and do not require fact-finding hearings as a prerequisite for the exercise of such discretion." Dawson v. Kendrick, 527 F.Supp. 1252, 1305 (D.C.W.Va.1981).

Racial discrimination in prisons and jails is unconstitutional under the Fourteenth Amendment, except for "the necessities of prison security and discipline." Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam) (quoting Lee v. Washington, 390 U.S. 333, 334 (1968) (per curiam)). Absent a compelling state interest, racial discrimination in prison job assignments states a violation of the Equal Protection Clause of the Fourteenth Amendment. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Black v. Lane, 824 F.2d 561, 562 (7th Cir.1987); Rivers v. Royster, 360 F.2d 592 (4th Cir.1966) (prison superintendent may not resort to acts of racial discrimination in the administration of the prison). To establish an equal protection violation based on racial discrimination in the delegation of job assignments to inmates, a plaintiff must show a discriminatory purpose as the motivating factor; showing that employment practices have a discriminatory impact on a certain race is not enough. See Village of Arlington Heights v. Metropolitan Housing Dev. Corp., 429 U.S. 252, 265-66 (1977); Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir.1987).

Even if the position of tutor was a job rather than a privilege, Plaintiff fails to show that his termination was based on  discrimination.  Plaintiff himself admits he was terminated for absences, although he appears to claim that his absences for things such as a shake down of his cell should have been excused because he was allowed to have a certain number of "sick days" each month. Complaint, at 3.  As discussed above, Defendant states that the reason for Plaintiff's termination was primarily his lack of regular attendance.  She also contends that on occasion Plaintiff was found in the prison law library when he was supposed to be tutoring, he was often tardy, and he was considered to be obnoxious and overbearing with inmates and staff.  Thurman Aff.  Plaintiff's "History of Earned Work Credit Assignments" reveals he was terminated for unsatisfactory job performance on one previous occasion and lost eight different positions due to being placed on restrictive custody status.  His attempts to earn education credits was also terminated on two separate occasions for the same reason.  Thurman Aff., Ex. 1.

Plaintiff also appears to argue that he was treated in a discriminatory manner because he thinks that Defendant only hired white inmates.  Plaintiff, however, has provided no evidence to support his allegations. Defendant states that in her position as an educational coordinator she has and has had many African American inmates, as well as inmates of other races, work for her. Thurman Aff., Para. 5.

2.     <u>Good-Time and/or Educational Credits</u>

Plaintiff appears to allege that his constitutional rights were violated by his termination and his denial of educational opportunities because it affected his ability to earn good-time or educational credits.   The opportunity to earn good-time credits is not a constitutionally established liberty interest.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. at 557.  Plaintiff

4

cannot show that he has a protected liberty interest in earning good-time or educational credits.
See Sandin v. Conner, 515 U.S. 472 (1995).

3.    Eighth Amendment

Plaintiff appears to allege that his Eighth Amendment rights were violated because
Defendant subjected him to psychological and emotional distress.  Defendant argues that Plaintiff's
claim fails because he has made no allegation or showing of any physical injury as required under
the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e).

There is no federal constitutional right to be free from emotional distress, psychological
stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims.
See Grandstaff v. City of Borger , 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916
(1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989).  The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail,
> prison or other correctional facility for mental or emotional injury suffered
> while in custody without a prior showing of physical injury.[2]

42 U.S.C. § 1997e(e).

4.    Grievances

Plaintiff alleges that his grievance was filed, but was returned unprocessed by
Grievance Coordinator Sprattling. Plaintiff fails to show his constitutional rights were violated

---

[2]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the
issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not
be significant.  Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised
ear lasting for three days was de minimis and failed to meet the requisite physical injury to support
a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind.
1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional
injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

concerning the grievance process.  The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994).  Even assuming that Defendant violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983.  <u>See</u> <u>Brown v.</u> <u>Dodson</u>, 863 F. Supp. 284 (W.D.Va. 1994).[3]

     5.    <u>Immunity</u>

Defendant argues that she is entitled to Eleventh Amendment immunity.  When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest.  If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution.  Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.  In the case of <u>Will v. Michigan Department of</u> <u>State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated,

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

<u>Id.</u> at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes,"

---

[3]It should also be noted that Sprattling is not a party to his action.

6

but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendant is entitled to Eleventh Amendment immunity from monetary damages in her official capacity.

Defendant also argues that she is entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendant violated any of his clearly

established constitutional or statutory rights.  Therefore, Defendant is entitled to qualified immunity in her individual capacity.

      6.    <u>State Law Claims</u>

It is unclear whether Plaintiff is also asserting any state law claims.  As Plaintiff fails to show that Defendant violated his rights under § 1983 (as discussed above), only his state law claims would remain.  Thus it is also recommended that, pursuant to 28 U.S.C. § 1367(c)(3), any remaining state law claims be dismissed.

<u>CONCLUSION</u>

Based upon review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 12) be granted.

Respectfully submitted,


s/Joseph R. McCrorey
United States Magistrate Judge

April 28, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
