IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL JONES, #259166, ) | C.A. No. 3:04-1833-TLW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **WRITTEN OPINION AND ORDER** |
| FNU THURMAN, OF EDUCATION ) | |
| DEPARTMENT AT EVANS ) | |
| CORRECTIONAL INSTITUTION, IN ) | |
| OFFICIAL AND INDIVIDUAL ) | |
| CAPACITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

  In this *pro se* case, plaintiff Michael Jones, an inmate now or formerly of the South Carolina Department of Corrections, alleges that the defendant violated his constitutional rights during his incarceration at Evans Correctional Institution. In particular, the plaintiff alleges that he was wrongfully terminated from his prison job and denied the opportunity to attend certain educational classes while in prison. The defendant denies these allegations and has filed a motion for summary judgment (Doc. # 12). The plaintiff opposes this motion.

  This matter now comes before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey to whom this case had previously been assigned. In his Report, Magistrate Judge McCrorey recommends that the defendant's motion for summary judgment be granted. As reasoned by the Magistrate Judge:

> There is no constitutional entitlement to work assignments or education during incarceration...
>
> Plaintiff fails to show that his termination was based on discrimination...
>
> The opportunity to earn good-time credits is not a constitutionally established liberty interest...
>
> There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and hence, there is no liability under § 1983 regarding such claims...
>
> The Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state...
>
> ...[the] defendant is entitled to Eleventh Amendment immunity from monetary damages in her official capacity...
>
> ...plaintiff fails to show that defendant violated any of his clearly established constitutional or statutory rights. Therefore defendant is entitled to qualified immunity in her individual capacity.

No party has filed objections to the Report.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. As noted above, no objections have been filed to the Report. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See* Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

A *de novo* review of the record indicates that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the defendant's motion for summary judgment is **GRANTED** (Doc. # 12).

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>  
Terry L. Wooten  
United States District Court Judge

June 1, 2005  
Florence, South Carolina